UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA        )        JUDGE DONALD C. NUGENT
                                )
        Plaintiff,              )        CASE NO.1:13 CR 535
                                )
                                )
    vs.                         )
                                )        MEMORANDUM OPINION
TYRONE L. LYNCH,                )        AND ORDER
                                )
        Defendants.             )


        This matter is before the Court on Mr. Lynch's Motion for Relief Under 28 U.S.C. § 2255.

Mr. Lynch filed a prior Motion under § 2255 alleging that his original sentence was based on a

finding that he was an Armed Career Criminal under the Armed Career Criminal Act of 1984

("ACCA").  (ECF #71).  The Court granted his request for re-sentencing under that motion on the

basis of *Johnson v. United States*, 135 S. Ct. 2551, 1192 L. Ed. 2d 569 (2015), which invalidated

sentences based on the application of the residual clause in that Act.  (ECF #75).  At his re-

sentencing, Mr. Lynch was found to be a "career offender" under the United States Sentencing

Guidelines, and was consequently subject to an enhanced sentence.  (ECF #77).  He now argues

that he is entitled to another re-sentencing because his second sentence was enhanced based on a

finding that he had two or more convictions for "crimes of violence," which qualified him as a

career offender under Section 4B1.2 of the United States Sentencing Guidelines ("the

Guidelines").  A "crime of violence" under the Guidelines is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

United States Sentencing Commission, Guidelines Manual ("USSG") §4B1.2(a)(2) (Nov. 2006).

Mr. Lynch argues that one of his prior crimes was only eligible to be counted as a "crime[] of

violence"because it was determined to be "conduct that presents a serious potential risk of

physical injury to another."  This category within the definition of "crimes of violence" under the

Guidelines has become known as the "residual clause."

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135

S. Ct. 2551, 1192 L. Ed. 2d 569 (2015), which found that the identically defined residual clause in

the ACCA, 18 U.S.C. §924(e)(2)(B) was unconstitutionally vague.   In a follow-up case, *Welch v.*

*United States*, 136 S. Ct. 1257, 1268, 194 L. Ed.2d 387 (2016), the Supreme Court determined that

the rule announced in *Johnson* was substantive and should be applied retroactively.   Relying on

*Johnson*, the Sixth Circuit decided that the invalidation of the residual clause in the ACCA

required invalidation of the residual clause under the Guidelines as well.  *United States v. Pawlak*,

822 F.3d 902, 903 (6th Cir. 2016).  In coming to this conclusion, the *Pawlak* court noted that "the

only reason *Johnson* would not compel the same result [for the Guidelines] is if the Guidelines

were immune from vagueness challenges."  *Id* at 905.  On the basis of these cases, Mr. Lynch

claims that his second sentence was imposed in violation of the Constitution of the United States.

Subsequent to the Sixth Circuit's holding in *Pawlak*, however, the United States Supreme Court, in the case of *Beckles v. United States*, — U.S. — (March 6, 2017), took on the question of whether the *Johnson* rule and reasoning invalidating the residual clause under the ACCA also applies to invalidate the residual clause under the Guidelines.  *Beckles* held that *Johnson* does not, in fact, apply to invalidate sentences enhanced under the residual clause of the Guidelines.   The Court in *Beckles* found that

> [u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in §4B1.2(a)(2) therefore is not void for vagueness.
>
> *Beckles* , at pg. 5.

Based on the holding in *Beckles*, the residual clause in the Guidelines remains a legal and constitutional basis upon which to determine Mr. Lynch's sentence, and he is, therefore, not entitled to relief.[1]  *Johnson* does not apply to his current petition, and any other potential claims have been waived by his plea agreement (ECF #28, at ¶ 20).  *See, United States v. Morrison*, Case No. 16-5452 (6th Cir. January 25, 2017)(appeal waiver bars post-conviction claims of mis-classification as career offender under the Guidelines, even when there has been a change of law affecting the classification). Mr. Lynch's Motion to Vacate (ECF #86), is DENIED, and this case is terminated.

   IT IS SO ORDERED.

---

[1]

This Court originally decided Mr. Lynch's Attempted Felonious Assault conviction qualified as a "crime of violence" under the elements clause, and was not reliant on the residual clause based on the Sixth Circuit's holding in *United States v. Anderson*, 695 F.3d 390, 402-03 (6th Cir. 2012).   (ECF #85).  The Court need not determine whether *Anderson* was undermined by the decision in Mathis v. United States, 136 S. Ct. 2243 (June 23, 2016), as argued by Mr. Lynch, because this conviction would also properly constitute a "crime of violence" under the residual clause.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   March 22, 2017