IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:13 CR 535 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| TYRONE L. LYNCH, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Tyrone Lynch's Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255(f)(3) & (4). (ECF# 98). Mr. Lynch was originally sentenced an Armed Career Criminal. He filed a previous § 2255 motion to vacate, which was granted. (ECF #61, 71, 74, 75). Mr. Lynch was re-sentenced at that time to a reduced sentence based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which altered the criteria for finding a defendant to be an Armed Career Criminal.

This is Mr. Lynch's second motion to vacate his sentence. Section 2255 provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Lynch has failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Lynch's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

 /s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date:  August 14, 2017